UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PRIEOR FRANKLIN CHILDERS,<br><br>Plaintiff,<br><br>vs.<br><br>NELINDA, Provider at Minnehaha County Jail, in his or her individual and official capacity; ROBERTS, Medical Staff at Minnehaha County Jail, in his or her individual and official capacity; MICHAEL MATTSON, Warden at Minnehaha County Jail, in his individual and official capacity,<br><br>Defendants. | 4:22-CV-04088-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Prieor Franklin Childers, an inmate at the Minnehaha County Jail, filed a pro se civil rights lawsuit under 28 U.S.C. § 1983. Docket 1.[1] Childers moves for leave to proceed in forma pauperis and has included a prisoner trust account report. Dockets 2, 4.

I.  **Motion for Leave to Proceed in Forma Pauperis**

Childers reports average monthly deposits of $7.73 and an average monthly balance of $0.14. Docket 4 at 1. Under the Prison Litigation Reform

---

[1] Childers does not provide facts regarding the reason he is detained at the Minnehaha County Jail, nor does he provide his expected release date. *See* Docket 1; Docket 2 at 1. The court will treat him as a pretrial detainee because he was incarcerated at a county jail when he filed the present action. *See* Docket 1 at 1.

1

Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Childers' prisoner trust account, the court grants Childers leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Childers must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Childers' institution. Childers remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.     1915A Screening

### A.     Factual Background

The facts alleged in Childers' complaint are: that on June 24, 2022, Childers was diagnosed with Hepatitis-C while in the Minnehaha County Jail. Docket 1 at 4. Childers claims that Roberts, a member of the Minnehaha County Jail medical staff, and Michael Mattson, the Minnehaha County Jail Warden, told him that he has to wait a year before he can get treatment for Hepatitis-C. *Id.* He claims that waiting a year will result in his Hepatitis-C becoming chronic and could cause liver damage, cirrhosis, liver cancer, liver failure, need for a liver transplant, and death. *Id.* at 5. He claims that early diagnosis and treatment can prevent these complications. *Id.*

Childers has submitted transcripts of his medical grievances and responses. Docket 1-1 at 3. In his first grievance, Childers stated that he has been diagnosed with Hepatitis-C and denied treatment because he has not yet been in custody for a year, and Roberts responded that "[y]our current lab

3

results are not indicative that treatment is needed at this time." *Id.* Childers appealed this grievance, and Lieutenant McGovern replied that "[u]nless your labs determine otherwise you will not be treated for Hep[atitis]-C until you've been in custody for at least one year." *Id.* He appealed to Mattson, claiming that he needed immediate treatment to prevent the disease from becoming incurable, and Mattson responded that "[m]edical advised that there currently is no medical indication for treatment at this time." *Id.*

Childers brings a claim for inadequate medical care against Nelinda, who is a medical provider at the Minnehaha County Jail, Roberts, and Mattson in their individual and official capacities. Docket 1 at 2, 4. He asks for all his medical bills to be paid and for $1,000,000 for pain, suffering, and emotional stress. *Id.* at 6. Construing his complaint liberally, he also seeks treatment for his Hepatitis-C. *See id.* at 4-5.

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.,* 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis,* 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C. Legal Analysis

#### 1. Official Capacity Claim for Money Damages

Childers brings a claim against Nelinda, Roberts, and Mattson in their official capacities for money damages. Docket 1 at 2, 6. Nelinda, Roberts, and Mattson were employees of the Minnehaha County Jail at the time of the incidents in question. *Id.* at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Childers' official capacity claims against Nelinda, Roberts, and Mattson are equivalent to claims against Minnehaha County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit

6

authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Childers alleges that the Minnehaha County Jail will not treat inmates for Hepatitis-C until they have been incarcerated for at least a year. Docket 1 at 4-5. Although Childers does not specifically plead the existence of an unconstitutional policy or custom, he alleges that his rights were violated by "conduct [that] resulted from an unconstitutional policy or custom" of denying treatment to inmates with Hepatitis-C who have not been at the Minnehaha County Jail for a year. *See Crumpley-Patterson*, 388 F.3d at 591 (citing *Doe*, 340 F.3d at 614). Thus, this court must consider whether Childers' rights were violated by this allegedly unconstitutional policy or custom.

A pretrial detainee's claims of inadequate medical care are analyzed under the Fourteenth Amendment's due process protections, rather than the

7

Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989)). These claims are examined under the same deliberate indifference standard as Eighth Amendment claims by convicted inmates. *Karsjens v. Lourey*, 988 F.3d 1047, 1051-52 (8th Cir. 2021). Construing his complaint liberally, Childers brings a Fourteenth Amendment due process claim against Nelinda, Roberts, and Mattson in their official capacities for money damages.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Estate of Rosenberg*, 56 F.3d at 37).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.

1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). "The plaintiff[] must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " *Coleman*, 114 F.3d at 784 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

 Childers alleges facts sufficient to state a claim for deliberate indifference to serious medical needs against Nelinda, Roberts, and Mattson in their official capacities for money damages. Hepatitis-C is a serious medical need. Childers alleges that Minnehaha County Jail officials are aware of his serious medical need and refused to treat it because of a policy against providing Hepatitis-C treatment to inmates who have not been incarcerated for a year. Docket 1 at 4-5. The attached grievance responses show that Childers has undergone testing, and monitoring his condition may be a form of treatment. *See* Docket 1-1 at 3. But the grievance responses also state that Childers would receive treatment if he had been in custody for over a year, independent of his current test results. *Id.* Without more information, this court cannot determine whether the

9

Minnehaha County Jail's policy of basing Hepatitis-C treatment on the time an inmate has spent in custody is a treatment decision or deliberate indifference. *See Jolly*, 205 F.3d at 1096. Thus, Childers' Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Nelinda, Roberts, and Mattson in their official capacities for money damages survives § 1915A screening.

### 2. Official Capacity Claims for Injunctive Relief and Individual Capacity Claims

Childers brings claims against Nelinda, Roberts, and Mattson in their individual capacities and in their official capacities for injunctive relief. *See* Docket 1 at 2, 4-6. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Childers' individual capacity claims must allege that each individual defendant either directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

### a. Fourteenth Amendment Due Process Claim

Construing his complaint liberally, Childers brings a Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Nelinda, Roberts, and Mattson in their individual capacities and in their official capacities for injunctive relief. *See* Docket 1 at 2, 4-6.

Childers makes no allegations regarding Nelinda's actions, and he does not mention Nelinda in his complaint other than to name Nelinda as a defendant and explain that Nelinda acted under state law "[b]ye [sic] not starting treatment with antiviral medicines that can cure Hep-C in most cases if started fast enough." *See id.* at 2, 4-5. Childers does not allege that Nelinda directly participated in the alleged constitutional deprivation or caused the conduct to occur through a failure to train or supervise as required under *Parrish*. *See id.* at 4-5; 594 F.3d at 1001. Childers also makes no allegations that Nelinda was aware of his serious medical needs. *See* Docket 1 at 4-5; *Farmer*, 511 U.S. at 837. Childers' Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Nelinda in his or her individual capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Childers alleges that Roberts and Mattson told him that he has to wait a year for Hepatitis-C treatment. Docket 1 at 4. Thus, he alleges that Roberts and Mattson were aware of and deliberately disregarded his serious medical needs. *Id.*; *see Dulany*, 132 F.3d at 1239 (citing *Coleman*, 114 F.3d at 784). The Eighth Circuit has explained that prison officials who lack medical expertise

11

are entitled to rely upon the opinions of medical staff. *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011); *Camberos*, 73 F.3d at 176. Mattson, unlike Roberts, does not have medical expertise and was entitled to rely on the opinions of Minnehaha County Jail medical staff. *See Holden*, 663 F.3d at 343; *Camberos*, 73 F.3d at 176. Childers' Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Mattson in his individual capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Childers' Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Roberts in his individual capacity and against Nelinda, Roberts, and Mattson in their official capacities for injunctive relief survives § 1915A screening. Thus, it is ORDERED:

1. That Childers' motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That the institution having custody of Childers is directed that whenever the amount in Childers' trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Childers' trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

3. That Childers' Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Nelinda,

      Roberts, and Mattson in their official capacities for money damages survives § 1915A screening.

4. That Childers' Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Roberts in his individual capacity and against Nelinda, Roberts, and Mattson in their official capacities for injunctive relief survives § 1915A screening.

5. That Childers' Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Nelinda and Mattson in their individual capacities is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. That the Clerk of Court shall send blank summons forms and Marshal Service Forms (Form USM-285) to Childers so that he may cause the complaint to be served upon defendants Nelinda, Roberts, and Mattson.

7. That Childers shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Nelinda, Roberts, and Mattson. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.

8. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon defendants Nelinda, Roberts, and Mattson.

9. Defendants Nelinda, Roberts and Mattson will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

10. Childers will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated November 8, 2022.

       BY THE COURT:

       /s/ *Karen E. Schreier*
       KAREN E. SCHREIER
       UNITED STATES DISTRICT JUDGE