UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PRIEOR FRANKLIN CHILDERS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NELINDA RHODE, in her individual capacity; TAYLOR ROBERTS, in her individual and official capacity; and MICHAEL MATTSON, in his official capacity,<br><br>　　　　　Defendants. | 4:22-CV-04088-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| PRIEOR FRANKLIN CHILDERS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ALICIA LUTHER, in her official capacity; TAYLOR ROBERTS, in her official capacity; BRENT ALBERS, in his official capacity; MICHAEL MATTSON, in his individual and official capacity; UNKNOWN SFPD OFFICER #1, in their individual and official capacity; and UNKNOWN SFPD OFFICER #2, in their individual and official capacity,<br><br>　　　　　Defendants. | 4:22-CV-04095-KES |

　　　Plaintiff, Prieor Childers, who was an inmate at the Minnehaha County Jail at the start of these lawsuits, filed two pro se civil rights lawsuits under 42 U.S.C. § 1983. 4:22-CV-04088-KES, Docket 1; 4:22-CV-04095-KES, Docket 1.

The court granted defendants' motion to consolidate the cases. 4:22-CV-04088-KES, Docket 27; 4:22-CV-04095-KES, Docket 23. Before the cases were consolidated, Childers filed a motion for appointment of counsel in one of the cases. 4:22-CV-04088-KES, Docket 18. For the reasons set forth below, Childers's motion is denied.

## DISCUSSION

In the action in which he seeks appointment of counsel, Childers alleges that he was diagnosed with Hepatitis C while in the Minnehaha County Jail. Docket 1 at 4. He claims that a member of the Minnehaha County Jail medical staff and the Jail Warden told him that he had to wait a year before he can receive treatment for Hepatitis C. *Id.* Childers asserts that waiting a year will result in his Hepatitis C becoming chronic and could cause liver damage, cirrhosis, liver cancer, liver failure, need for a liver transplant, or death. *Id.* at 5. The court construes Childers's complaint to allege that defendants were deliberately indifferent to a serious medical need in violation of the Fourteenth Amendment's due process protections.[1] *See* Docket 6 at 7–8, 11.

In his motion for counsel, Childers contends that he cannot access medical experts and cannot comply with portions of the court's Rule 26(f) Order for Discovery Report while in custody of the South Dakota Department of Corrections. Docket 18. Shortly after filing his motion for counsel, Childers filed a supplement to his complaint that indicates that he was incarcerated at

---

[1] Based on the allegations in Childers's complaint, the court treated him as a pretrial detainee. Docket 6 at 1, n.1.

the Mike Durfee State Prison (MDSP) and receiving treatment for Hepatitis C. Docket 21; Docket 21-1 at 2. Subsequently, Childers submitted a notice of address change advising that he is no longer at MDSP. Docket 26.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). Childers's claims do not appear to be factually or legally complex, and his filings to date clearly set forth his claims.

The court granted Childers's motion to proceed in forma pauperis. Docket 6 at 1-3, 12. To the extent Childers seeks appointment of counsel because he cannot afford to retain an expert, Childers's motion is denied. The statutory authorization for in forma pauperis status does not authorize court-subsidized experts. *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1056 (8th Cir. 1984) ("The plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us that the statute neither expressly nor implicitly authorizes the payment of . . . witness fees and expenses[.]").

Although Childers's pro se status may make it difficult for him to access medical experts, on the basis of the record, this is not a reason to grant his

3

motion for appointment of counsel at this stage of the litigation. There is no evidence that Childers has made any effort to access any medical experts. Childers has not identified the issue on which he would present medical expert testimony or the nature of any medical expert testimony.[2] Further, Childers has filed documents indicating that he is receiving treatment for Hepatitis C. Docket 21. Because the court believes that Childers can adequately present his claims at this time, his motion for appointment of counsel (Docket 18) is denied.

Thus, it is ORDERED that Childers's motion for appointment of counsel (4:22-CV-04088-KES, Docket 18) is denied.

Dated July 7, 2023.

                                             BY THE COURT:

                                             /s/ *Karen E. Schreier*
                                             KAREN E. SCHREIER
                                             UNITED STATES DISTRICT JUDGE

---

[2] Childers attached to his complaint an excerpt from an online publication, MedlinePlus. *See* Docket 1-1 at 1-2. But that excerpt establishes only that Hepatitis C can be acute or chronic and that early diagnosis and treatment can prevent complications. *Id.* The excerpt does not define early diagnosis and treatment. *Id.* Childers's complaint and supplements do not indicate that he has been diagnosed with chronic Hepatitis C. *See* Docket 1; Docket 1-1 at 3; Docket 21; Docket 22-1.